Btjrket, J.
The state does not claim or derive title to the basin from or through the Canal Elevator and Warehouse Company, and it Avas not a party plaintiff or defendant in the action brought by that company for the recovery of the basin, and the judgment was not against the state, but against the company alone. The general rule is that to be bound by a‘judgment the party to be bound must have been a party or privy in blood or estáte. Here the state was neither.
For a record to constitute a bar or res adjudieata against one not a party or privy, but Avho'assisted in the prosecution or defense of the action in aid of some interest of his own, the record itself must in *208 some way show such assistance. State of Florida v. State of Georgia, 58 U. S. (17 How.), 478.
If, however, the record is to be used merely as an estoppel in pais, then the advice, assistance or procurement may be shown by evidence aliunde the record under the usual rules of estoppel. Many cases have been cited and distinguished by counsel, but all of them fall under one or the other of the above rules, or else are controlled by local statutes or rules of decision.
Actions by or against the state can be brought only by express authority of the general assembly, and the state cannot be estopped by an act of its officers, unless the state has by statute authorized such officer to act on that- behalf, and then the estoppel can be no broader than the authority. The estoppel in such cases is not so much in pais as by statute.
As the state was not a party or privy to the record, and the record fails to show that the state assisted in the case, and the general assembly not having passed any act authorizing such action, or such assistance, it follows that the state is not bound or es-topped by that record, and that the court of common pleas erred in admitting the same. Whether such error was prejudicial will be considered further along.
The state had. the right to prove the dimensions of the berme bank and tow-path, but such proof should have been made by the original, or certified copies, of the specifications and rules adopted for the construction of the canals. An epitome prepared by the canal commission would not be competent evidence.
Before the enactment of the canal commission statute, when the state undertook to recover canal lands from one found in possession thereof, it had to prove *209 in the first instance that the lands were formerly canal lands. Such proof showed that the state was formerly the owner in fee simple of the lands, and that fact being proven or conceded, overcame the possessory right of the defendant, and threw upon him the burden of showing that he had in some lawful manner, either by lease or purchase, acquired the lands from the state. As the statute of limitations could not run in his favor, as against the state, his continued possession could never ripen into a title, and therefore the rule that one in possession of lands can be dispossessed only by one showing a better title is not applicable, because by showing that the lands were formerly canal lands, the state shows a better title, a title that must prevail as against everybody, unless a title from the state is shown, and the burden of showing such title rests upon the defendant.
Section 218-221, Bates’ Statutes, after providing for the appointment of a canal commission, makes it the duty of such commission to “proceed to survey and determine the boundaries of all lands heretofore appropriated for canal purposes, and owned by the state, the boundaries of which are not now accurately known and of record, as already surveyed, and to mark the same by proper monuments, and to make maps and plats of all said canal lands not already platted, together with the necessary description and location of all bridges, culverts and aqueducts, and shall clearly indicate and describe in their report any part of said property that in their judgment is not necessary for canal purposes, all of which is to be preserved as hereinafter provided.”
Section 218-223, Bates’ Revised Statutes, is as follows : “Each of said commissioners is hereby author *210 ized to issue subpoenas for, and compel the attendance of such witnesses as they, or either of them, may think necessary in fixing said boundaries, or ascertaining any fact which said commission should ascertain in the discharge of its duties; and the testimony so taken, together with said maps, plats, and field notes of such surveys, and the report of said commission as to the boundaries of the lands belonging to the state of Ohio,.with its findings in that behalf, shall be filed for preservation in the office of the board of public works; and upon any trial in any of the courts of this state, any of said findings, maps, plats, or surveys, which may in any manner relate to or having any bearing upon the subject-matter at issue, shall be taken and held to be competent (prima facie) evidence of the- truth of such findings, and the boundaries of said lands, and that the state of Ohio has the ownership of said land, or such an interest in it as may be therein stated; and a duly certified or sworn copy of such findings, plat, or map shall, when produced on said trial, have the same force and effect as the original from which it was taken would have under this section if produced on said trial.”
The court of common pleas refused to permit the findings, maps, plats and surveys so made under these sections to be introduced in evidence by the state, holding said last named section to be unconstitutional.
It will be noticed that by section 218-221, the canal commission is authorized to survey and determine the boundaries of lands appropriated for canal purposes, and owned by the state. Other lands the commission has no authority to survey or determine its boundaries. So that as to each tract of land the first *211 question to be determined is, whether it has ever been appropriated to canal purposes and owned by the state, that is, was it heretofore canal lands? As between the state and a person found in possession of lands which the state claims as canal lands, this question must be determined by evidence in court where each party can be heard under the rules applicable for the trial and determination of disputed facts; and upon such trial the findings, maps, plats, and surveys made by the canal commission are not competent evidence. Such findings, maps, plats, and surveys can be made only as to canal lands, and to say that because they are made, that therefore the lands are canal lands, is not sound reasoning. Such findings, maps, plats, and surveys are made without notice to the party in possession, and therefore cannot bind him even prima facie. Were it otherwise the commission might make findings, maps, plats and surveys of any person’s land, and thereby prove that such lands were canal lands, and being canal lands, the fee simple title would be in the state; so that the power would be in the commission to divest a man of his title without notice or trial, and to vest the title in the state, at least prima facie. This would clearly be in conflict with that part of section nineteen of the Bill of Bights which declares that “Private property shall ever be held inviolate.”
But it is urged that the findings, maps, plats, and surveys are not conclusive, but only prima facie evidence of title in the state, and that the general assembly has power to prescribe the rules of evidence, and provide what shall make a prima facie case, and numerous authorities are cited in support of this prop *212 osition, among others Railway Company v. McCann, 54 Ohio St., 10.
That the general assembly has power to prescribe what shall constitute a prima facie case must be conceded; but that power under our constitution extends only to future transactions, and as to such the statute is read into the transaction, and forms a part of it; but as to past transactions the general assembly has no power,, by a change of the rules of evidence, to add new burdens, or impose new duties. This is forcibly illustrated by comparing the cases of Railway Company v. McCann, supra, and Railroad Company v. Kreager, 61 Ohio St., 312, with Railroad Company v. Hedges, 63 Ohio St., 339. In the two former cases the transactions occurred after the passage of the prima facie statutes, and it was correctly held that those statutes were applicable to the cases; but in the latter case the transaction occurred before the passage of the prima facie statute, and it was held that the statute was not applicable to the case, being in effect retroactive.
This court held in Miller v. Hixson, 64 Ohio St., 39, first paragraph of the syllabus, as follows: “A statute which imposes a new or additional burden, duty, obligation, or liability, as to past transactions, is retroactive, and in conflict with that part of section 28, article two of the constitution, which provides that, ‘The general assembly shall have no power to pass retroactive laws.’ ”
This section 218-223, attempts to make the findings, maps, plats', and surveys of the canal commission proof of the fact that the lands in question were canal lands, and to thereby relieve the state from proving that fact in the ordinary way aliunde such findings, *213 and to impose upon the defendant the additional burden of overcoming the prima facie case thus made by the state. The statute therefore imposes an additional burden upon the defendant as to a past transaction, and is therefore retroactive in character and effect, and as to past transactions unconstitutional. The court therefore did not err in excluding said findings, maps, plats, and surveys.
It therefore follows that in an action by the state for the recovery of what it claims to be canal lands, it must prove that the lands in question wére heretofore canal lands, and in making such proofs it cannot be aided by the findings, maps, plats, and surveys made by the canal commission.
Aside from said findings, maps, plats, and surveys thus properly excluded, the state offered no evidence tending to prove that the basin in question had ever constituted part of the canal system of the state. Two witnesses testified that they had gone into the basin with their canal boats and loaded and unloaded them at the docks of the owners of warehouses on or near the banks, turned their boats around in the basin, etc. This user is not at all inconsistent with the basin being a private basin, used by private proprietors in connection with the canal, and for the mutual benefit of both parties, as was the case in Smith v. State, 59 Ohio St., 278.
The first answer filed in the case of Canal Elevator and Warehouse Company v. Buckingham & Mathers, stated that the state of Ohio had excavated said basin, which, if true, would go far to prove that the basin was at one time a part of the canal system of the state; but afterward an amended answer was filed in which it was stated that the basin was excavated by *214 the adjoining proprietors for their own benefit, and it was upon this amended answer that the case was tried, and in legal effect the amended answer withdrew the statement that the state had excavated the basin. No evidence therefore is found in the record tending to prove that the basin ever constituted part of the canal system of the state, and the verdict of the jury was right notwithstanding the error of the court in admitting the record in the Warehouse case. As the case went to the jury that error was not prejudicial.
There is another reason why the state could not recover, and why the admission of that record was not prejudicial. The lease by the state to Brown & Wood, of date of April 23, 1868, for ninety-nine years renewable forever, was introduced by the state, and the record shows that Brown & Wood accepted the lease without being put into possession, and assigned the lease to the Canal Elevator and Warehouse Company. The latter company waived the right it had to insist that the state should put it into possession, and undertook by action to recover the possession itself, and for that purpose plead and relied upon the lease from the state; so that the state was treated as being out of the contest, and as having performed its duty toward its lessees as to possession, and the lessees assumed the burden of obtaining possession under the lease. Under those- circumstances the state had no further right of action to recover possession, as there could not be one action by the state and another by its lessee. As between the state and its lessees, the case therefore stands as if the state had in fact put its lessees into possession. There is nothing to show that the state has been reinvested with the right of posses *215 sion, and therefore the state had no right of action to recover possession, and the verdict was on this ground also properly in favor of the defendant below.

Judgment affirmed.

Williams, C. J., Spear, Davis, Shauok and Price, JJ., concur.